ROSENTHAL v. EMERSON REALTY CO.

(Supreme Court, Appellate Term.  December 8, 1910.)

</div>

BROKERS (§ 54*)—RIGHT TO COMMISSIONS—PERFORMANCE OF EMPLOYMENT.

> Plaintiff, being employed to effectuate an exchange of property, brought the parties together; but at the first interview there was a disagreement as to the terms of the exchange. At a later interview the proposed purchaser notified defendant's manager that he could not take the property on account of certain restrictions, and the latter notified plaintiff that he could not make the exchange because of the encroachments. Before plaintiff had succeeded in the negotiations, defendant's manager notified him that he would not make the exchange. *Held*, that the broker was not entitled to commissions; there being no meeting of minds in the making of an actual contract, or procurement of a purchaser ready, able, and willing to make the exchange on terms which were satisfactory to defendant.

> [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 75-81; Dec. Dig. § 54.*]

Appeal from City Court of New York, Trial Term.

Action by Albert A. Rosenthal against the Emerson Realty Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

M. S. & I. S. Isaacs (Leo G. Rosenblatt and Lewis M. Isaacs, of counsel), for appellant.

Louis B. Eppstein (H. A. Rosenberg, of counsel), for respondent.

GUY, J. The plaintiff herein, a real estate broker, sues to recover commissions for having procured a purchaser for property placed in his hands for sale by defendant; plaintiff alleging that he did procure such a proposed purchaser, who was in all things satisfactory to the defendant, and who was ready, able, and willing to purchase defendant's property for the consideration, and upon the terms and conditions authorized by defendant.

It appears that the alleged terms and conditions in this instance consisted of a proposed exchange of properties and a part payment

in cash. No contract of sale or exchange of properties was ever actually entered into between defendant and the proposed purchaser. On the contrary, the evidence shows that at the first interview between defendant's manager, one Levy, and the proposed purchaser, a serious disagreement arose as to restrictions upon the property of one of the parties, and encroachments upon the property of the other party, and they mutually agreed to postpone the negotiations to a later date, so that each might look into these matters affecting the respective pieces of property. It also appears that at a subsequent interview the proposed purchaser said to the defendant's manager, "I cannot take your property on account of the restrictions;" that thereafter defendant's manager notified the plaintiff that he could not make the exchange because of the encroachments upon the property belonging to the proposed purchaser produced by plaintiff; and that there was never a time when there was an actual meeting of the minds of defendant and the proposed purchaser. The evidence shows that there were some further effort on the part of the broker to bring the parties together, and that the proposed purchaser some time later expressed his willingness to make the exchange on the terms previously suggested, notwithstanding the restrictions upon defendant's property; but, before such expression of willingness on the part of the proposed purchaser, the defendant's manager had notified plaintiff that he would not make the exchange.

It is essential to plaintiff's recovery in this action that he should either prove that he brought the parties together, so that there was a meeting of their minds in the making of an actual contract, or that he procured a proposed purchaser who was ready, able, and willing to make the purchase or exchange on terms which defendant had stated to plaintiff would be satisfactory. See Backer v. Ratkowsky, 137 App. Div. 559, 122 N. Y. Supp. 225. The plaintiff, having failed to establish by the evidence either of these propositions, was not entitled to recover.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.